IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYLAND DEE KIRKLAND,

    Plaintiff,                    No. CIV S-06-2596 FCD KJM P

    vs.

DAVID F. LEVI,                      ORDER AND

    Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1    Plaintiff seeks declaratory and injunctive relief against former United States
2 District Judge David F. Levi based on Judge Levi's handling of Kirkland v. Butler, Civ. No. S-
3 02-1266 DFL CMK P.  A judge is immune from suit for acts taken in the judge's judicial
4 capacity, unless taken in the complete absence of jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11-
5 12 (1991).  This immunity "extends to actions for declaratory, injunctive and other equitable
6 relief."  Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996).  Accordingly, plaintiff
7 cannot proceed with this action.

8    Plaintiff has also asked the undersigned to recuse herself under 28 U.S.C. §
9 455(a) because plaintiff has filed a complaint of judicial misconduct against her and has
10 challenged her actions in Kirkland v. Strauss, Civ. No. S-00-1331 DFL KJM P.  These are not
11 sufficient reasons to require recusal, In re Mann, 229 F.3d 657, 658-59 (7th Cir. 2000), and there
12 otherwise is no reason to recuse in this matter.

13    In accordance with the above, IT IS HEREBY ORDERED that:
14    1. Plaintiff's request for leave to proceed in forma pauperis is granted.
15    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 The fee shall be collected and paid in accordance with this court's order to the Director of the
17 California Department of Corrections and Rehabilitation filed concurrently herewith.
18    3. Plaintiff's request that the Magistrate Judge recuse herself is denied.
19    IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave
20 to amend.
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, plaintiff may file written
4   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7   F.2d 1153 (9th Cir. 1991).

DATED:  August 9, 2007.

_____
U.S. MAGISTRATE JUDGE

2
kirk2596.56